IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

IN RE: JEREMIAH C. GREEN,

Petitioner.

CV 17-00064-H-DLC-JTJ

FINDINGS AND RECOMMENDATIONS OF
UNITED STATES MAGISTRATE JUDGE

Petitioner Jeremiah Green, filed a petition for name change (Doc. 1) but provided no basis for federal jurisdiction. Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "[S]ubject- matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived. Moreover, courts, . . . , have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006) (internal citations and quotations omitted).

Congress has authorized federal jurisdiction in cases which present a federal question as set forth by 28 U.S.C. § 1331, or where there is complete diversity of citizenship and the amount in controversy exceeds $75,000 as set forth by 28 U.S.C. § 1332. As the party seeking to invoke federal subject matter jurisdiction,

1

Mr. Green has the burden of establishing that jurisdiction exists. *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280 (9th Cir. 1977).

Mr. Green has not named a Defendant and therefore cannot establish diversity jurisdiction under 28 U.S.C. § 1332. In addition, Mr. Green has not stated a federal claim for relief sufficient to establish federal question jurisdiction under 28 U.S.C. § 1331. The changing of a person's name does not involve a federal question. Mr. Green makes no allegation that his federal rights have been violated.

As there is no basis for federal jurisdiction, the Court issues the following:

## RECOMMENDATIONS

1. This matter should be dismissed for lack of subject matter jurisdiction. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the instant Complaint lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Green may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 12th day of June 2017.

                         */s/ John Johnston*
                         John Johnston
                         United States Magistrate Judge

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.